CARL MEIER, APPELLANT, V. BRIDGEPORT IRRIGATION
DISTRICT, APPELLEE.

FILED APRIL 16, 1925. No. 23029.

1. **Waters: IRRIGATION DISTRICTS: LIABILITY.** An irrigation district organized under the law should apportion and distribute upon fair and equitable terms and conditions available water to which landowners are entitled, and a failure to perform that duty may create a liability for resulting damages.

2. **New Trial: DAMAGES: DISREGARD OF INSTRUCTIONS.** Where the jury violates an instruction to allow plaintiff, in the event of a verdict in his favor, substantial damages of which there is sufficient evidence, the failure to set aside a verdict for nominal damages only is erroneous.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Reversed.*

*R. O. Canaday* and *Ritchie, Canaday & Swenson,* for appellant.

*Williams, Hurd & Neighbors, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

ROSE, J.

This is an action to recover damages to crops on account of the failure of defendant, an irrigation district, to furnish to plaintiff his proportionate share of available water during the growing season of 1920. The irrigating system was in operation and the land on which the crops were growing was in the irrigation district. It was alleged in the petition that defendant negligently failed to apportion and distribute to plaintiff the water to which he was entitled and that the resulting damages were $13,340. The answer contained a general denial and a plea of contributory negligence. Upon a trial of the issues, the jury rendered a verdict in favor of plaintiff for one dollar only, and from a judgment thereon he has appealed.

The assigned error upon which plaintiff relies for a reversal is the failure of the trial court to set aside the ver-

dict. The assignment is based on the propositions that plaintiff, under the instructions of the court and the evidence, was entitled to substantial damages in the event of a verdict in his favor, and that the verdict for nominal damages only was contrary to the law and the evidence. As the case was tried and presented to the jury, there does not seem to be any escape from a reversal. Under the law defendant was organized for the main purpose of furnishing to landowners within the irrigation district available water upon fair and equitable terms and conditions. *State v. Gering Irrigation District,* 109 Neb. 642. The verdict in favor of plaintiff for nominal damages was equivalent to a finding that defendant neglected its duties to plaintiff. There was evidence to sustain the finding. There was also evidence of substantial damages to a crop of beets at least. The jury were instructed in substance to allow plaintiff the actual damages sustained by him in the event of a verdict in his favor. According to the instruction the evidence was sufficient to sustain a verdict for substantial damages, if the jury believed the witnesses who testified on behalf of plaintiff. The instruction did not permit a verdict for nominal damages only. A determination of the questions submitted required either a verdict in favor of defendant or a verdict in favor of plaintiff for substantial damages. The jury therefore disregarded both the instruction of the court and the evidence which the court deemed sufficient to sustain a verdict for substantial damages. To meet the logic of these deductions, defendant argues that the jury had a right to disregard as preposterous the testimony of plaintiff and his witnesses. If the jury were at liberty to do so, they took the opposite course, refused to discredit as a whole the evidence on behalf of plaintiff and found the issues in his favor. The verdict should have been set aside. For the error in failing to grant a new trial, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.