State, ex rel. Campbell, v. Gering Irrigation District.

STATE, EX REL. R. C. CAMPBELL ET AL., APPELLANTS, V. GERING IRRIGATION DISTRICT ET AL., APPELLEES.

FILED FEBRUARY 12, 1926.   No. 24911.

Constitutional Law: IRRIGATION ACT. The proviso in chapter 97, Laws 1923, amending section 2865, Comp. St. 1922, authorizing the board of directors of an irrigation district, under certain existing circumstances, to impose upon landowners of the district the burden of constructing and maintaining laterals and the supervision of the distribution of water, creates an unreasonable classification and an arbitrary burden on such landowners, and is void because it violates section 18, art. III of the Constitution, as adopted in 1920.

APPEAL from the district court for Scotts Bluff county: P. J. BARRON, JUDGE. *Reversed.*

*Morrow & Morrow,* for appellants.

*Olsen & Cottle* and *Mothersead & York, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, THOMPSON and EBERLY, JJ.

DAY, J.

By this action the relators, eight in number, who are landowners within the boundaries of the Gering Irrigation District, seek a writ of mandamus for the purpose of compelling the board of directors to make provisions for the repair and enlargement of lateral No. 2 in said district,

330          NEBRASKA REPORTS.          [Vol. 114

State, ex rel. Campbell, v. Gering Irrigation District.

so as to render its capacity sufficient to furnish the relators their *pro rata* share of the water for irrigation, and also to supervise the distribution of the water through the lateral so that each water-user should receive his *pro rata* share. An alternative writ was issued and served and the return thereto filed by the respondents. When the case came on for trial, the court sustained an objection made by the respondents to the introduction of any evidence in support of the alternative writ and thereupon dismissed the action. From this judgment the relators have appealed.

This ruling of the court is now assigned as error. The main question presented by the record is whether the expense of enlarging and maintaining the lateral and the supervision of the distribution of the water among the users should be borne by the district at large or by the users of water served by the lateral. The ruling of the court was based upon the provision of chapter 97, Laws 1923, and especially upon the proviso which was added to section 2865, Comp. St. 1922.

The relators contend that the provisions of the act of 1923, as set forth in the proviso, in so far as it seems to authorize the board of directors of the district to require the expense of constructing and maintaining the laterals and supervising the distribution of the water to be borne by the water-users, is unconstitutional and void.

Without setting forth the averments of the alternative writ, we think its allegation sufficient to entitle the relators to the relief prayed, if under the law it is the duty of the district to construct and maintain the lateral and supervise the distribution of the water.

At this point a brief reference to the troubles and former litigation between the users of water to lateral No. 2 and the district may serve to throw some light on the question now being considered. It appears that since the organization of the district the board of directors have adhered to the policy of requiring the landowners served by a lateral to construct and maintain the same, as well as to supervise the distribution of water through the same. Lateral No. 2

VOL. 114]        JANUARY TERM, 1926.                331

State, ex rel. Campbell, v. Gering Irrigation District.

has never been large enough to furnish all of the land-owners receiving water therefrom their *pro rata* share of the water of the district.   The district refused to supervise the distribution of the water, and as a consequence the landowners at the upper end of the lateral took all of the water they needed and left little or none for the relators who were landowners at the lower end of the lateral.   This lateral was the longest one in the district, and by reason of the sandy condition of the soil entailed upon the land-owners great expense to keep it in repair.   They were re-quired to pay much more than other water-users in the district.

It also appears that in May, 1922, under circumstances almost identical with those presented in the case before us, certain relators who were water-users from lateral No. 2 commenced an action to require the board of directors of the district to construct and maintain said lateral and to supervise the distribution of the water.   In that case the board took the position that it was not its duty to perform said acts.   The case was finally brought to this court, the opinion being reported in *State v. Gering Irrigation Dis-trict*, 109 Neb. 642.   In the above-mentioned case this court construed section 2865, Comp. St. 1922, in connection with other sections of the statute relating to the subject of irri-gation, and held that it was the duty of the district to furnish water for the purpose of irrigation to all of the landowners within the district upon fair and equitable terms and conditions, and that when lateral ditches are necessary they should be provided, maintained and super-vised by the district in order that a just apportionment of water should be made to such landowners.   In the course of the argument it was said:

" An irrigation district is a public corporation.   Its funds are derived from the taxation of all land within the district.   The very purpose of its organization is to fur-nish water upon fair and equitable terms and conditions to each and every landowner within the district.   Comp. St. 1922, secs. 2857–2953.   This, in the case of some small

332        NEBRASKA REPORTS.        [VOL. 114

State, ex rel. Campbell, v. Gering Irrigation District.

districts, may perhaps be done by supplying water direct to the landowners from the banks of one canal. But this can seldom be done in districts embracing many acres. In such cases there must be laterals to carry the water to the ultimate user. Such laterals are necessary portions of the irrigation works and should be provided, maintained, and supervised by the district, so that a just apportionment of the water may be supplied to each landowner therein. It would be manifestly unjust and unfair to assess a landowner whose property is situated several miles from the main canal without providing him reasonable facilities to obtain the water for the furnishing of which he is taxed. To sustain the position of the respondents would be to hold that the owners of land adjacent to the main canal are entitled to receive water without further initial outlay, while at the same time other landowners, who are also taxed according to valuation, shall be compelled to build and maintain expensive works and furnish supervision for such works in order to obtain that which is supplied without such expense to others who have no greater right. This would be clearly inequitable, unfair and unjust, and such construction of the statute ought not to be adopted. Of course, landowners may provide their own laterals if they desire, but where there is more than one water-user taking water from the same lateral, and any dispute arises between the users, the district board should regulate the supply, as in the case of other users of water."

Following this decision the legislature of 1923 amended section 2865, Comp. St. 1922, by enacting chapter 97, Laws 1923. The amendment reenacted the essential features of the original section, but added new elements, which are set out in a proviso, as follows:

"Provided, however, that in districts in which the users of water have heretofore maintained the laterals through which they have used water for the irrigation of their lands, it shall be lawful to require all of the landowners obtaining water through any lateral to perform their *pro rata* share

VOL. 114]    JANUARY TERM, 1926.    333

State, ex rel. Campbell, v. Gering Irrigation District.

of the work and their *pro rata* share of the expense of maintaining and keeping such lateral in repair."

The proviso further recites that, in the event the users of water are unable to agree upon proper measuring devices to be placed in such laterals for the work or repairs that may be necessary to put said laterals in proper condition to deliver to each landowner the amount he is entitled to receive, upon notice and a hearing, the board of directors shall proceed to put in suitable measuring devices and make the necessary repairs on such lateral to deliver water to all landowners receiving water therefrom, and shall apportion the expense thereof ratably to all of the land receiving water from such laterals, and the same shall be assessed against such land as a special tax and collected as other irrigation district taxes.

It is apparent that the amendment, as set forth in the proviso above mentioned, nullifies the effect of our former decision. By the amendment the board of directors are authorized to charge the expense of the construction and maintenance of the laterals to the users of water served by such laterals, while our decision requires that such expense should be borne by the district at large.

The relators seem to concede that, if the amendment is valid, the users of water served by lateral No. 2 must bear the expense of the construction and maintenance of the lateral. It is the contention of the relators that the amendment, as set out in the proviso, is unconstitutional and void; because it is local and special in its application.

Section 18, art. III of the Constitution, as it appears in Comp. St. 1922, provides: "The legislature shall not pass local or special laws * * * where a general law can be made applicable." It will be noted that the objectionable features of the amendment are contained in a proviso commencing with the words: "Provided, however, that in districts in which the users of water have heretofore maintained the laterals," etc. By the use of the word "heretofore" in the provisio, it seems clear that it was the intention of the legislature to limit the application of the

statute to conditions previously existing. The amendment is so framed that it cannot in the future become of general application. The classification is arbitrary and limits its application as clearly as though it had by name designated the district to which it was to apply. A general law could have been framed applicable to the future if the legislature had desired to do so.

It is true that a number of legislative acts, which were applicable only to a present situation, have been held not to be inimical to the provisions of the Constitution now being considered, but in such cases the acts were so framed that it was possible for others to come within the classification.

In *State v. Scott*, 70 Neb. 685, it was held: "An act of the legislature which regulates a county office, and which by its terms limits its operation to counties having a population of 50,000, 'according to the census of 1900,' is local and special in its application, since it can never apply to any other counties than the two which were in the class at the time of the passage of the act."

In *State v. Kelso*, 92 Neb. 628, it was said in the course of the argument: "The rule appears to be settled by an almost unbroken line of decisions that a classification which limits the application of the law to present conditions, and leaves no room or opportunity for an increase in the numbers of the class by future growth or development, is special, and a violation of the clause of the Constitution above quoted."

It is true that the two cases above referred to infringed upon a different subdivision of section 18, art. III of the Constitution, than the one in the case now before us, but we see no difference in the principle involved.

It seems clear that such portion of the amendment of 1923 which authorizes the board of directors to charge the expense of constructing and maintaining laterals and supervising the distribution of water must, in view of the limited application of the law, be held to be special legislation inhibited by section 18, art. III of the Constitution.

In re Estate of Rudge.

We think the court erred in refusing to permit the relators to offer proof in support of the alternative writ and dismissing the cause of action. The judgment of the district court is reversed and remanded for further proceedings.

REVERSED.