Clarence G. Bliss, Receiver, Appellee, v. Pathfinder
Irrigation District, Appellant.

Filed January 7, 1932. No. 28019.

*Morrow & Morrow*, for appellant.

*Mothersead & York*, contra.

Heard before Rose, Good, Day and Paine, JJ., and
Leslie, District Judge.

Good, J.

This is an action to cancel a real estate mortgage and to
quiet in plaintiff title to the mortgaged premises. The
trial court entered a decree for plaintiff. Defendant has
appealed.

The state bank, of which plaintiff is now receiver, exe-
cuted and delivered to defendant a mortgage for $5,000
on real estate, an asset of the bank, to secure repayment
of deposits of funds that defendant thereafter might make
in the bank. Later the bank became insolvent and a re-
ceiver was appointed, at which time defendant had
$4,714.23 deposited in the bank. The receiver seeks to
have the mortgage canceled on the ground that the bank

had no authority to pledge any of its assets to secure such a deposit, and that the contract securing it was against public policy.

In its answer defendant set out in detail the transaction, and claimed that the mortgage was a valid lien to secure its deposit. The answer also contained the following: "Defendant denies that the Irrigators Bank of Scottsbluff, Nebraska, is a corporation duly organized and existing under and by virtue of the laws of the state of Nebraska." A general demurrer to the answer was sustained. Defendant elected to stand upon its answer and refused to further plead.

Defendant argues that the quoted denial puts in issue the corporate capacity of the bank. The denial is of the exact language of an allegation in the petition. The argument is unsound. There is pleaded only a legal conclusion. The denial is in the nature of a negative pregnant. It might be that the bank had failed in some immaterial respect to fully comply with the law in its organization as a corporation, but which failure would be insufficient to deprive it of the right to transact business as a banking corporation. No fact is pleaded which shows in what respect, if any, the bank failed to comply with the statutory requirements in its organization. In fact, defendant dealt with the bank and accepted from it a mortgage executed by it as a corporation. In *Knight v. Denman,* 64 Neb. 814, it is held: "A denial of the very words of the allegations of the petition, without denying their substance and effect, tenders no issue."

The principal question for determination is the power of a state bank to pledge any of its assets to secure the deposit of funds by an irrigation district. The statutes of this state authorize state banks to pledge assets to secure the deposit of certain public funds where the bank has been designated as a depository. Section 77-2506 and section 77-2601, Comp. St. 1929, as construed by this court in *Bliss v. Mason,* 121 Neb. 484, authorize a state bank, designated as a county depository, to pledge sufficient of its assets

to protect the deposit of county funds in the depository bank. It is contended by defendant that the opinion in that case is authority for the securing of a deposit of any public funds by pledge of assets. It is true the language contained in that opinion uses the term "public funds." It is a universal rule that the language in a judicial opinion has reference to and must be construed to apply only to the facts presented by the case under consideration. Whether a state bank could pledge any of its assets to secure a deposit of public funds other than county was not intended to be, and was not, in fact, determined in that case.

Defendant contends that section 77-2601, Comp. St. 1929, authorizes a state bank to pledge sufficient of its assets to secure the deposit of funds made by an irrigation district. That section provides, in part, as follows: "In all cases in which public moneys, or other funds belonging to the state or to any county, school district, city or municipality thereof, have been deposited or loaned to any person or persons, corporations, bank, * * * it shall be lawful for the officer or officers making such deposit or loan, or his or their successors in office, to maintain an action or actions for the recovery of such moneys deposited or loaned, and all contracts for the security or payment of any such moneys or public funds made shall be held to be good and lawful contracts binding on all parties thereto." It is contended that an irrigation district is a municipality, within the meaning of the quoted section.

Corporations are generally classed as public and private. While a municipality is a public corporation, it does not follow that every public corporation is a municipality. In 1 Dillon, Municipal Corporations (5th ed.) 58, sec. 31, the term "municipal corporation" is defined as follows: "A *municipal corporation,* in its strict and proper sense, is the body politic and corporate constituted by the incorporation of the inhabitants of a city or town for the purposes of local government thereof. Municipal corporations as they exist in this country are bodies politic and corporate of the

general character above described, established by law partly as an agency of the state to assist in the civil government of the country, but chiefly to regulate and administer the local or internal affairs of the city, town, or district which is incorporated." A like definition is found in 43 C. J. 65, and in the same volume, at page 72, we find the following with respect to public corporations: "Public corporations are all those created specially for public purposes as instruments or agencies to increase the efficiency of government, supply public wants, and promote the public welfare. Public corporations are classified as municipal, quasi-municipal, and public-quasi corporations. Public corporations include not only municipal corporations, but also all other incorporated agencies of government of whatever size and form or degree of organization. While all municipal corporations are public corporations, all public corporations are not municipal corporations."

In 43 C. J. 73, it is said: "There is a want of harmony in the decisions relating to what local subdivisions are embraced by the phrase 'municipal corporations.' There are many public bodies which are not corporations in the full sense but resemble them in that they have some of the attributes of a corporation, and which are therefore called quasi corporations. Some of these are almost perfect in their organization and scarcely distinguishable from municipal corporations. Others represent the lowest order of corporate life, with few powers and imperfect organization. Between these two extremes are a large number of districts erected as agencies of government, of divers names and objects, with varying degrees of organization; sometimes styled political, sometimes public, sometimes civil; including counties, towns, townships, school districts, drainage districts, highway districts, improvement districts, hospital districts, irrigation districts, * * * and all other sections of territory delimited and organized for the performance of certain governmental functions; * * * such bodies are not 'municipal corporations' or 'municipalities' in the proper sense."

In *Board of Directors of Alfalfa Irrigation District v. Collins,* 46 Neb. 411, it is held: "Irrigation districts organized under our laws are public, rather than municipal corporations, and their officers are public agents of the state." This holding was approved and followed in *Lincoln & Dawson County Irrigation District v. McNeal,* 60 Neb. 613. There have been many sessions of the legislature since these decisions were handed down. Had the legislature desired, it could have amended section 77-2601, *supra,* to include irrigation districts.

In *State v. Gering Irrigation District,* 109 Neb. 642, it is held that an irrigation district is a public corporation. This holding was followed and approved in *State v. Gering Irrigation District,* 114 Neb. 329. And in *Central Irrigation District v. Gering Irrigation District, ante,* p. 199, it is, in effect, held that an irrigation district is not a municipality. In *Thaanum v. Bynum Irrigation District,* 72 Mont. 221, it is held that an irrigation district is not a municipality. A like holding is made in *Davy v. McNeill,* 31 N. M. 7.

We are constrained to hold that an irrigation district, while a public corporation, is not a municipality or a municipal corporation.

The public policy of this state, with reference to securing of deposits made in state banks, is evidenced by many acts of the legislature. It has authorized banks, designated as depositories, to pledge assets of the bank to secure state and county funds when deposited in designated depository banks. Comp. St. 1929, secs. 77-2503, 77-2508. It has further authorized the securing of 'deposits by cities, school districts and other municipalities, but has not specifically authorized the pledging of assets for that purpose.

By the enactment of section 8-1,102, Comp. St. 1929, the legislature has further provided: "The claims of depositors, for deposits, not otherwise secured, and claims of holders of exchange, shall have priority over all other claims, except federal, state, county and municipal taxes, and subject to such taxes, shall at the time of the closing

of a bank be a first lien on all the assets of the banking corporation from which they were due and thus under receivership." There can be little doubt that the legislature intended this statutory provision to prevent state banks from securing deposits, by the pledging of assets, except in the specified cases. Had it not so intended, there would have been no occasion to expressly authorize the pledging of assets in certain instances.

But we find a still further enactment by the legislature in section 8-140, Comp. St. 1929, which makes it a felony for any officer or employee of a state bank to directly or indirectly give any consideration of value or render any service for or at the request of a depositor as an inducement, in addition to the legal interest, for making or retaining a deposit in the bank, or for any depositor to accept any such inducement. A pledge of its assets by a bank to secure or retain a deposit is inducement to the depositor to make such deposit, and, in such a transaction, both the bank official, acting for the bank, and the depositor would be subject to criminal prosecution.

From a consideration of all the legislative acts referred to and others, it is clear that the legislature intended to deny, and has denied, to state banks the right to pledge their assets to secure deposits, except in those instances where expressly authorized so to do. The following decisions from other courts support this view: *Farmers & Merchants State Bank v. Consolidated School District No. 3,* 174 Minn. 286; *Divide County v. Baird,* 55 N. Dak. 45; *Commercial Bank & Trust Co. v. Citizens Trust & Guaranty Co.,* 153 Ky. 566, 45 L. R. A. (n.s.) 950; *Porter v. Canyon County Farmers Mutual Fire Ins. Co.,* 45 Idaho, 522.

It is also, by inference, suggested that there is no distinction between a loan and a deposit, and, since banks are authorized to pledge assets for the securing of loans, the same rule should apply to the securing of deposits. A pertinent and convincing answer to this argument is found in *Farmers & Merchants State Bank v. Consolidated School District No. 3, supra.* Commenting upon the dissimilarity

between bank deposits and borrowings, it is said in the opinion (p. 291): "Bank deposits and bank borrowings are alike in but the one respect that one result of each is the relation of debtor and creditor. In every other respect the two operations are not only different but in complete antithesis. Deposits are attracted by the strength of a bank, whereas its borrowings are compelled by weakness or other adverse circumstance. (The borrowing of money has been said to be 'so much out of the course of ordinary and legitimate banking as to require those making the loan to see to it that the officer or agent acting for the bank had special authority to borrow money.' *Western Nat. Bank v. Armstrong*, 152 U. S. 346, 351.) Large deposits signify health, and large borrowings banking disease. Springing from opposite causes, the two by their existence signify opposite conditions—deposits the normal, and borrowings the abnormal. Moreover the antithesis holds to the end, for the withdrawal of a deposit is a loss, whereas the payment of a loan is a gain. Deposits continued and increased evidence success, whereas borrowings continued and increased portend failure. Save in the relation of debtor and creditor common to both, the two are different in their every incident—not only different but opposed in origin, in purpose, and in effect. How it comes then that the obvious truth that a bank may pledge collateral for borrowed money can be used to sustain the same power in the case of deposits we cannot understand. The former is clearly necessary, usual and incidental, whereas the latter is neither necessary, usual or incidental, but is positively dangerous. \* \* \* It is not an express power and clearly not included among those implied."

Defendant has cited and relied upon the decisions of other jurisdictions upholding the proposition that a bank may pledge assets to secure deposits. We have examined with considerable care each one of the cases cited. In most instances the opinions are based upon charter or statutory provisions which confer, as construed by the court, the right of a bank to pledge its assets to secure deposits. In

nearly every case cited by the defendant on the proposition, the question has arisen with reference to the securing of public funds of some nature by the pledging of assets, and where the policy of the state has been to protect such funds. But, under our statutory provisions and the policy declared by the legislature of this state, we are compelled to hold that a state bank is without power to pledge any of its assets to secure the deposit of funds except in the instances where expressly authorized so to do.

The district court rightly held that the mortgage should be canceled and the title to the real estate quieted in the plaintiff. The judgment is

AFFIRMED.