MARGARET EILEEN SHRAMEK, APPELLANT, V. LEE HUFF, SR., APPELLEE.

280 N. W. 450

FILED JUNE 28, 1938. NO. 30288.

*Gaines, McLaughlin & Gaines* and *L. Q. Hills,* for appellant.

*Kennedy, Holland, De Lacy & Svoboda, contra.*

Heard before ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ., and KROGER, District Judge.

KROGER, District Judge.

Plaintiff commenced this action in the district court for Douglas county, Nebraska, to recover damages for personal injuries sustained by her on July 5, 1936, as the result of a fall upon a stairway in an apartment house located in Grand Island, Nebraska, and owned by the defendant. Trial was had to a jury, resulting in a verdict in favor of the plaintiff, and assessing her damages at one dollar. Plaintiff filed a motion for new trial, and from the ruling denying a new trial appeals to this court.

The principal error assigned is that, the verdict being for the plaintiff, the jury should have awarded her a substantial sum as damages. The evidence clearly establishes that plaintiff sustained substantial damages, and unless the defendant's motion for a directed verdict at the close of plaintiff's evidence, and at the close of all of the evidence, should have been sustained, the judgment appealed from

must be reversed. *Meier v. Bridgeport Irrigation District,*
113 Neb. 344, 203 N. W. 543.

The acts of negligence complained of and submitted to
the jury by the trial court were (a) the construction and
maintenance of an open stairway without equipping the
same with two hand-rails, contrary to the ordinances of
the city of Grand Island, Nebraska; and (b) constructing
in said stairway a window and allowing it to be open or
ajar, thus obstructing said stairway, contrary to the ordi-
nances of the city of Grand Island, Nebraska.

Other acts of negligence charged by plaintiff in her peti-
tion and not submitted by the trial court were that the
stairway was defective in that the same was constructed
of an extremely smooth grade of concrete, and said steps
had been painted and polished and oiled, causing them to
be more slippery than ordinary; and that it was a winding
stair, contrary to the provisions of the ordinances of the
city of Grand Island, Nebraska.

The applicable provisions of the building code of the
city of Grand Island, known as Ordinance No. 1143, pro-
vide: 1. "Inclosed stairs shall have at least one hand-rail
and where the width of such stairs is greater than three
feet six inches, shall have a hand-rail on each side. Open
stairs shall be provided with hand-rails on each side." 2.
"All stairs, except rear stairs, in new tenements, shall
have risers not more than seven and three-quarters inches
high and treads not less than nine and one-half inches wide,
exclusive of nosing. No winding stairs nor windows in
stairs shall be permitted." 3. "Stairways and Fire Escapes
Not Obstructed. No obstruction of any kind shall at any
time be placed before, upon, or against any stairway, steps
or landing or fire escapes in or upon any tenement."

The evidence discloses that the apartment house in ques-
tion was constructed after the passage of said ordinance,
and that the rear stairway has a brick wall on one side and
on the opposite side two iron railings one and one-half
inches in diameter, and the upper one two feet four inches
above tread of steps, running between four newel posts.

The width of the stair between newel post and wall is three feet five and seven-sixteenths inches, and the distance between the wall and the railing is three feet six and one-half inches. The steps, however, extend only to a point in line with the newel posts. There are French windows opening to the inside in the stairway between each floor of the apartment.

Plaintiff's evidence discloses that she and her husband had occupied an apartment on the third floor of the apartment house in question for approximately a year before the accident complained of; that on the morning of July 5, 1936, she was descending the rear stairs with her husband, who was preceding her; that the French window in the stairs between the second and first floor was standing ajar at approximately right angles with the wall; plaintiff testifies that, as she descended the stairs between the second and first floor, she was near the wall and that it was necessary for her to walk away from the wall to avoid the open window extending into the stairway; that as she stepped down onto the third step below the second floor her foot slipped out from under her causing her to fall, and as a result of the fall she suffered the injuries complained of; that at the time she slipped she was to the right of the center of the stair. The evidence further discloses that, beginning with the step below the one on which plaintiff slipped, there were two winders in the stairs.

There was no evidence that the concrete used in the construction of the step was different from that used generally in modern construction, or that it was at the time of the accident maintained in a condition different from that in general use. The evidence as to oil consisted of a showing that a sweeping compound was used when sweeping the halls and stairs, and the claim was made that this compound left an oil film on the steps causing them to be unduly slippery. There is no evidence that the compound used was different from that in general use or that it was applied in an improper manner or that any of the compound was left on the stairs. The trial court properly withdrew

the charges of negligence based on the condition of the steps, both as to material used in their construction and the condition in which they were maintained:

Whether or not the French window in the stairway was maintained in violation of the ordinance is immaterial in this case, as the window was not a proximate cause of plaintiff's injuries. Plaintiff had not reached the point where the window protruded into the stairway at the time of her fall, nor did she contact the window in any manner. This is likewise true of the winders in the stair. Plaintiff fell before she reached the winders, slipping on a step that was of standard construction, and the fact that there were winders in the stairs in no manner contributed to her injury. As was stated in the case of *Wendell v. Roberts*, 125 Neb. 619, 251 N. W. 264: "The point of contact is important. Conditions elsewhere do not matter."

This leaves but one charge of negligence, to wit, that there was an absence of hand-rails in violation of the city ordinance. The evidence discloses that there was a hand-rail on one side of the stair. The provision of the ordinance requiring hand-rails on both sides of an open stair can only be construed as applying where the stair is open on both sides. In the instant case the stair was closed on one side and open on the other; there was a hand-rail on the open side, and the width of the stair was not such as would require a hand-rail on the opposite side. Consequently there was no violation of the ordinance with regard to hand-rails.

From what has been said it necessarily follows that the trial court should have sustained the defendant's motion for a directed verdict, and since plaintiff was not entitled to recover under any circumstances, and the defendant is not complaining, any errors committed in the trial were without prejudice, and the judgment appealed from is

AFFIRMED.