HERBERT LIETAERT, APPELLANT, *v.* WILBUR J. SHINNERS AND NEVA C. SHINNERS, HIS WIFE, RESPONDENTS.

No. 4199

December 7, 1959                    347 P.2d 282

*Goldwater, Taber and Hill,* of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey and Thompson,* of Reno, for Respondents.

## OPINION

By the Court, PIKE, J.:

This is an appeal from a judgment of the trial court based upon a jury verdict in favor of the respondents.

Appellant Lietaert rented and occupied an apartment in a six-plex owned by the respondents Shinners in Reno, Nevada. Some nine days after the inception of his tenancy, while returning to his apartment, Lietaert slipped, fell and sustained injuries. Lietaert attributed his fall to the presence of decomposed granite or sand on an outside step on the south side of the six-plex. His complaint charged respondents with negligence for having permitted such condition to exist. It also charged negligence for failure to have handrails on the step area and for failure to keep the step area and a common walkway leading to it properly lighted. Violations of a city of Reno municipal ordinance known as the Municipal Building Code (Ordinance No. 1093, sec. 3305(g)) requiring handrails on stairways was alleged as negligence, and a violation of another section of the same ordinance requiring the lighting of exits (sec. 3312(a)) was asserted by appellant at the trial, although its violation was not specifically pleaded.

Appellant contends error on the part of the trial court in (1) not admitting the building code of the city of Reno in evidence and in refusing to instruct the jury on such building code; (2) instructing the jury that in Nevada there is no common law duty on the landlord to light passageways used in common by several tenants; (3) instructing the jury on assumption of risk.

We find no error by the trial court in refusing either to admit the municipal building code into evidence or to instruct the jury concerning it. This conclusion is reached because there is a lack of evidence tending to establish that a possible violation of the ordinance provisions was a proximate cause of appellant's fall and injuries. In the absence of evidence so connecting violation of an ordinance with the accident, violations of the ordinance provisions were not germane to the issue of negligence. Shramek v. Huff, 135 Neb. 178, 280 N.W. 450; Winterson v. Pantel Realty Co., 135 Neb. 472, 282 N.W. 393; Petrey v. Luizzi, 76 Ohio App. 19, 61 N.E.2d 158. For the same reason, the trial court properly rejected the testimony of the city building inspector, tendered by appellant, relating to the interpretation and meaning to be given certain terms appearing in the building code. This disposes of appellant's first point on appeal.

Appellant's second assignment of error is that the trial court should not have instructed the jury that in Nevada there is no common law duty on the part of a landlord to light passageways used in common by several tenants. The evidence shows that the six-plex building had its long direction north and south, faced west, and that each of the six dwelling units had its own entrance door opening directly upon a cement walkway used in common by all the tenants. Photographs in the record show that this walkway on the west side of the structure was less than four feet wide, was elevated off the ground a distance of not more than two feet, had no

roof, and was completely open on its west side. The only arrangements provided for exterior artificial lighting of the walkway and step area were individual light sockets and bulbs placed above the door of each apartment, which light was controlled from within the particular unit. Some 150 feet to the south there was a street light on Grove Street. Appellant's apartment was adjacent to the southernmost apartment. At the southern end of the walkway was a parking area, having the decomposed granite surface common to the entire area immediately adjacent to and surrounding the six-plex. Tenants leaving such parking area reached the walkway by stepping up one step and then stepping on the walkway. Appellant had followed such route immediately prior to his fall.

The accident occurred about 9:15 o'clock p. m., August 22, 1957.

Appellant testified that he had walked across the decomposed granite parking area and had placed his right foot on the step when he slipped and fell. At the time he fell none of the unit entrance lights over the walkway was lighted. He testified that he could see the corner of the building, a white building next door, a nearby white fence to his left, and the step upon which he placed his right foot, but that he did not see the sand upon the step. He testified that he had walked over the area where the fall occurred at least two or three times a day during the period of his occupancy prior to the accident, and that he had been over the area several times at night during the same period. Appellant's testimony was also to the effect that the general conditions relating to the step and the coarse sand in the adjacent area and the lighting were the same on the date of the accident as they had been at the inception of and during his tenancy.

There is an absence of proof that failure on the part of the landlord to furnish additional exterior lighting to the walkway or southern approach to the walkway was a proximate cause to appellant's fall. This being true, a determination of any such common law duty of the land-

lord to light the common walkway and step area does not present itself for decision in this case. In our view of the evidence, the instruction given and complained of by appellant was without prejudice to appellant and did not constitute reversible error on the part of the trial court. In such instruction, although the jury was advised that the landlord retaining control of common approaches for the use of tenants was under no duty to provide lights for such common approaches, the same instruction informed the jury that it might consider whether the landlord used ordinary care in keeping the common approaches reasonably safe for the tenants, and whether the plaintiff used ordinary care for his own safety and, in that regard, might consider that lighting facilities were in place on the exterior wall near the unit apartment doors that could be turned on and off by the tenants.

Neither, for the reasons already given, under the record in this case do we find error by the trial court's refusal to give appellant's requested instructions making it the duty on the part of the landlord to furnish a reasonable amount of artificial light as part of the landlord's duty to exercise reasonable care.

Appellant's third assignment of error is that the trial court erred in instructing the jury on assumption of risk.

Under such instruction appellant's knowledge of any dangerous condition existing on the premises, as well as his voluntary submission of himself to that danger, were issues of fact submitted for determination by the jury. Respondent's answer denied negligence and pleaded contributory negligence and assumption of risk as affirmative defenses.

Evidence in this case, in addition to that hereinabove referred to, shows that there were about 11 children besides the adults living in the apartment house during the summer school vacation month when this accident occurred.

The manager of the apartments testified that she swept the walkway at least once a day or more frequently, if necessary, and that she sprinkled the area to the south of the walkway. She also testified that she had not received any complaints about the condition of the area and knew of no one falling there except appellant.

Appellant testified that he had seen the manager, Mrs. Snyder, sweep the step and walkway on one occasion and had noticed some of the other tenants sweep and that he had on occasions swept (apparently confining his sweeping to the walkway in the vicinity of his apartment).

Necessarily persons walking over the sandy area and into the six-plex carried with them undetermined quantities of sand onto the step and common walkway. There is a complete absence of evidence as to the quantity of sand on the step at the time the appellant fell, and as to the length of time during which the sand was there prior to the accident. Likewise there is no proof of actual knowledge, or knowledge chargeable to the landlords, of the presence of such sand on the step. However, appellant's testimony shows that he left his apartment about 8:30 o'clock p. m. to make a purchase, with the intent to return directly to the apartment, and that he did so return within less than an hour after he had left. From all that appears in the record he left the apartment house by way of the identical step upon which he fell. He testified that when he left the apartment it was "still pretty light" and that due to long evenings he considered the light condition continued until about 9:00 or 9:30 o'clock p. m. (daylight saving time was then in effect). Appellant further testified that he could see where he was going. Other portions of his testimony as to what he was able to observe just prior to the fall have already been referred to.

Appellant charged respondents with negligence in that they permitted a dangerous condition to exist on the step, but denied knowledge of such dangerous condition himself.

We consider that there was sufficient evidence to dispute appellant's denial of knowledge of any such dangerous condition and to support the instruction on

assumption of risk. Thus there was no error in giving such instruction.

The evidence supports the verdict in this case. Judgment affirmed, with costs to respondent.

MCNAMEE, C. J. and BADT, J., concur.