REQUESTED BY: David O. Coolidge, Director-State Engineer, Department of Roads, P.O. Box 94759, Lincoln, Nebraska, 68509.
Is OHA Services, Inc., a non profit organization acting as an agency and instrumentality of the Housing Authority of the City of Omaha, eligible to apply for a federal grant under the provisions of Section 16(b)(2) of the Urban Mass. Transportation Act of 1964?
No.
The key question to be answered is whether OHA Services, Inc., hereinafter called OHA, is a `private' nonprofit corporation as required by Section 16(b)(2) of the Act. Said section states as follows:
 "(b) In addition to the grants and loans otherwise provided for under this Act, the Secretary is authorized to make grants and loans * * *
 (2) to private nonprofit corporations and associations for the specific purpose of assisting them in providing transportation services meeting the special needs of elderly and handicapped persons for whom mass transportation services are planned, designed, and carried out under paragraph (1) are unavailable, insufficient, or inappropriate, with such grants and loans being subject to such terms, conditions, requirements, and provisions (similar insofar as may be appropriate to those applicable to grants and loans under paragraph (1)), as the Secretary may determine to be necessary or appropriate for purposes of this paragraph."
OHA was formed under the Nebraska Nonprofit Corporation Act, Sections 21-1901, et seq, R.R.S. Neb. 1943. Section21-1903 of the Act specifically provides that corporations may be organized under the Act for, inter alia, the purpose of `assisting any governmental body in obtaining grants from the federal grant or carrying out the purpose for which a federal grant is obtained'. The Act does not distinguish between `private' or `public' corporations. In contrast, true public corporations in Nebraska have been termed as such by statute, e.g. `70-602. A district may be created as hereinafter provided and when so created, shall be a public corporation and political subdivision of this state, . . .', this in reference to public power and irrigation districts. The Nebraska Constitution, under Article XII, Sec. 1, recognizes miscellaneous corporations, but in specifying such corporations again makes no distinction between private and public.
An examination of the Articles of Incorporation of OHA Services, Inc. shows plainly that it was formed `To act as an agency and instrumentality of the Housing Authority of the City of Omaha' (Art. IV, Sec. A); `To assist the Housing Authority of the City of Omaha, generally, in regard to any of the foregoing services and activities, and such other services and activities as the Board of Commissioners of said Housing Authority may, from time to time, direct.' (Art. IV, Sec. F); that `This Corporation may be dissolved by the Board of Commissioners of the Housing Authority of the City of Omaha, . . .'
(Art. VIII); and other provisions indicating control by the dominant agency.
The Nebraska Supreme Court has discussed the `private v. public' question in the case of Bliss v. Pathfinder IrrigationDistrict, 122 Neb. 203, wherein it found an irrigation district to be a public corporation and cited 43 C.J. 65, at page 72, for the following statement:
 "Public corporations are all those created specially for public purposes as instruments or agencies to increase the efficiency of government, supply public wants, and promote the public welfare."
In the annotation to 18 C.J.S. Corporations, Sec. 18(a) it is stated in pertinent part:
 "The most important distinction between public and private corporations is with respect to government control. Public corporations, being mere instrumentalities of the state, are subject to governmental visitation and control, whereas, the charter of a private corporation is a contract between the state and the corporation or incorporators, which, under the clause of the Constitution of the United States prohibiting state laws impairing the obligation of contracts, renders such corporations not subject to visitation, control, or change by the state, except in the exercise of the police power."
The final conclusion seems quite clear. OHA was created specially for a public purpose. It is subject to government control. It is a public corporation. As such, it does not meet the `private' requirement of Section 16(b)(2) of the Urban Mass. Transportation Act of 1964 and consequently, is not eligible to make application for a federal grant under that section.